IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAITIAN-AMERICANS UNITED INC.;
VENEZUELAN ASSOCIATION OF
MASSACHUSETTS; UNDOCUBLACK
NETWORK, INC.; SYDNEY DOE; MARLENE
DOE; GUSTAVO DOE; and NATALIA DOE,

                Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States; U.S. DEPARTMENT
HOMELAND SECURITY; and KRISTI NOEM, in
her official capacity as Secretary of the Department
of Homeland Security,

                Defendants.

## MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiffs Sydney Doe, Marlene Doe, Gustavo Doe, and Natalia Doe, through their undersigned counsel, respectfully requests that this Court grant their Motion to Proceed Pseudonymously in this action and, pursuant to Fed. R. Civ. P. 52 and Local Rule 5.2, enter an Order permitting all documents containing identifying information to be filed under permanent seal to be viewed by the Court in camera, with redacted versions made part of the public record, or in the alternative, to be designated Attorneys' Eyes Only and accessible only by the Court.

Dated:  March 3, 2025,                   Respectfully submitted,

                                                      */s/ Mirian Albert*
                                                      Mirian Albert (BBO #710093)
                                                      Oren Sellstrom (BBO #569045)
                                                      Victoria Miranda (BBO #695913)
                                                      Lawyers for Civil Rights
                                                      61 Batterymarch Street, 5th Floor
                                                      Boston, MA 02110

(617) 482-1145
malbert@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
vmiranda@lawyersforcivilrights.org

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

### INTRODUCTION

Plaintiffs Sydney Doe, Marlene Doe, Gustavo Doe, and Natalia Doe seek authorization to proceed under a pseudonym in this litigation. Plaintiffs are immigrants living in the United States who all have Temporary Protected Status (TPS). At issue in this case is Defendant Donald Trump's Haiti and Venezuela TPS Vacaturs and the subsequent Venezuela TPS Termination, which would put tens of thousands of TPS holders from Haiti and Venezuela at risk of deportation and strip them of their work authorization in the United States. For the reasons explained below, Plaintiffs and their family members will only be safe if they are allowed to move forward under pseudonyms. Additionally, granting this motion would avoid creating a chilling effect on similarly situated individuals who might pursue litigation in the future.

### LEGAL STANDARD

The First Circuit has held that "[l]itigation by pseudonym should occur only in exceptional cases." *Doe v. Mass. Inst. Of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) (internal citations and quotations omitted). Courts considering motions to proceed pseudonymously "should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Id.* at 72. Generally, in doing so, courts in this District should "focus upon the extent to which the facts align with one or more" of four paradigms the First Circuit has identified as exceptional. *Id.* Those paradigms are: (1) cases involving "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) "cases in which identifying the would-be Doe would harm innocent non-parties"; (3) "cases in which anonymity is necessary to forestall a

chilling effect on future litigants who may be similarly situated"; and (4) "suits that are bound up with a prior proceeding made confidential by law." *Id.* (internal citations and quotations omitted).

## ARGUMENT

This case aligns with three of the four paradigms of exceptional cases. First, Plaintiffs reasonably fear unusually severe harm, harassment, and stigma if their identity were revealed. Immigration policy, specifically related to TPS, is politically fraught in the United States and Plaintiffs fear that, particularly due to their vulnerable immigration status, and the vulnerable immigration status of their family members, revealing their identity will immediately expose them to violence, threats of violence, and severe public and government backlash that would be, at minimum, psychologically traumatizing and personally destabilizing. *See Doe et al., v. Trump et al.,* No. 25-cv-10135 (D. Mass. 2025) (Order Granting Motion to Proceed Pseudonymously, ECF No. 9) (granting plaintiff's motion to proceed pseudonymously under similarly volatile circumstances); *Alianza Americas et al. v. DeSantis et al.,* No. 22-cv-11550 (D. Mass. 2022) (Order Granting Motion to Proceed Pseudonymously, ECF No. 7) (same); *see also Doe v. Austin*, No. 22-CV-00368, 2023 WL 3568188, at *1 (D. Me. May 19, 2023) (granting leave to proceed under pseudonyms and noting validity of "fear of harassment and violence"); *Doe v. Lyons*, No. 23-10894-NMG, 2023 WL 3936740, at *1 (D. Mass. May 9, 2023) (same); *K.O. by & through E.O. v. United States*, 651 F.Supp.3d 331, 343 (D. Mass. 2023) (noting that ECF No. 71 "allowed the plaintiffs to proceed pseudonymously" due to "fears of retaliation" in a case concerning the federal government's separation of children from their parents at the U.S. border). Recent threats of violence toward immigrant communities, as well as angry and fearful responses to immigrant presence, demonstrate how revealing Plaintiffs' identities will erode their safety.[1]

---

[1] *See, e.g.*, Nina Shapiro, *Edmonds School District cancels immigrant rights event after threats*, SEATTLE TIMES, Dec. 10, 2024, https://www.seattletimes.com/seattle-news/edmonds-school-district-cancels-immigrant-rights-event-after-

Second, revealing Plaintiffs' identities would expose innocent non-parties to harm. It would allow the media or others to easily uncover the identities of Plaintiffs' family members, either in the United States or elsewhere, who would then face an immediate risk of retaliatory violence. Moreover, Plaintiff Sydney and Marlene Doe have two children, a 17-year-old son and a 6-year-old son. They should be granted anonymity to protect their children who are, and will be, especially vulnerable and deserving of protection. *See Doe v. Eason*, No. 98-2354, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999) (noting that "[b]ecause a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of a party's identity") (cited with approval by the First Circuit in *Mass. Inst. of Tech.*, 46 F.4th at 71)).

Third, forcing Plaintiffs to reveal their identity as part of this litigation would produce a chilling effect on potential future litigants who are similarly situated. Plaintiffs are neither citizens nor legal permanent residents (LPRs), making them potentially susceptible to retaliatory immigration enforcement. If Plaintiffs are required to reveal their identity to proceed in this matter, others with vulnerable immigration status—or no status at all—will be hesitant to seek redress in the courts. *See Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3rd Cir. 2010) (considering the fact that "prospective litigants lacking lawful status, would be deterred from bringing cases clarifying constitutional rights, if doing so required alerting federal immigration authorities to their presence"

---

threats/ (reporting "hostile and threatening" posts toward school district's immigrant rights event that forced district to cancel event); Dan Gooding, *Springfield, Ohio Elementary Schools Evacuated, Colleges Go Remote as Threats Spiral*, Newsweek, Sept. 17, 2024, https://www.newsweek.com/pet-eating-claims-bomb-shooting-threats-schools-springfield-ohio-1954565 (reporting on shooting and bomb threats directed at Haitian community members at Ohio college); Nikki McCann Ramirez, *Springfield Residents Rocked by Bomb Threats in Wake of Racist Smear Campaign*, ROLLING STONE, Sept. 12, 2024, https://www.rollingstone.com/politics/politics-news/springfield-ohio-bomb-threat-viral-attacks-migrants-1235101093/ (reporting on violent threats toward Haitian residents of Springfield, Ohio and city officials); *see also* Ruby Cramer, *A Small Town in Massachusetts Grapples with a New Shelter for Immigrants*, WASH. POST, Sept., 28, 2024, https://www.washingtonpost.com/nation/interactive/2024/migrant-shelter-norfolk-massachusetts-immigration-debate/ (reporting on "fear" and "anger" shown by residents in Massachusetts town in response to proposed immigrant shelter).

in affirming grant of pseudonym status), *judgment vacated on other grounds* by 563 U.S. 1030 (2011).

These privacy considerations substantially outweigh the public's interest in the Plaintiffs' identity. *See Ms. Q. v. United States. Immigration and Customs Enforcement*, No. 1:18-cv-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018) (finding "public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs" in case involving child and mother asylum seekers who stated they would face a "significant risk of persecution—including possible physical harm or death" if their identities were revealed). Indeed, the public has an equally strong interest in protecting the privacy of litigants targeted or harmed by government action—especially when children are harmed—so as not to deter them from challenging allegedly unlawful government action in the future. *Cf. Bryan C. v. Lambrew*, 21-cv-00005, 2021 WL 242422, at *1 (D. Me., Jan. 25, 2021) (noting that the "public has an interest in protecting the privacy of children in foster care who challenge the system's practices so as not to deter others from participating in future challenges to the system").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion permitting them to proceed pseudonymously in this civil action.

Dated:  March 3, 2025						Respectfully submitted,

*/s/ Mirian Albert*
Mirian Albert (BBO #710093)
Oren Sellstrom (BBO #569045)
Victoria Miranda (BBO #695913)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
malbert@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
vmiranda@lawyersforcivilrights.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 3, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: March 3, 2025

/s/ *Mirian Albert*
Mirian Albert (BBO #710093)