IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAITIAN-AMERICANS UNITED INC.; VENEZUELAN ASSOCIATION OF MASSACHUSETTS; UNDOCUBLACK NETWORK, INC.; SYDNEY DOE; MARLENE DOE; GUSTAVO DOE; and NATALIA DOE, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, <br><br> Defendants. | Civil Action No. 25-cv-10498(RGS) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Haitian Americans United, Inc. ("HAU"), Venezuelan Association of Massachusetts ("VAM"), UndocuBlack Network Inc. ("UBN") and the four individual Plaintiffs respectfully submit this notice of supplemental authority to inform the Court of recent developments in the related case *Haitian Evangelical Clergy Association et al., v. Donald J. Trump et al.*, 25-CV-01464, in the Eastern District of New York ("*HECA*"). On July 1, 2025, the court in that case granted the plaintiffs' motion for partial summary judgment and to postpone the Partial Haiti Vacatur. The decision is available at 2025 WL 1808743 and is attached hereto as **Exhibit A**.

The *HECA* order addresses a number of issues that are currently before this Court on Defendants' Motion to Dismiss, ECF No. 43. Specifically, the *HECA* Court held that:

1

- the plaintiffs had established an injury-in-fact, and their claims were ripe for judicial review. *HECA*, 2025 WL 1808743 at *3;

- 8 U.S.C. § 1254a(b)(5)(A) does not bar judicial review because that provision does not apply to challenges to procedural deficiencies in making TPS determinations. *Id*. at *6;

- 8 U.S.C. § 1252(f)(1) does not bar judicial review, highlighting the Supreme Court's recent distinction between injunctions and vacatur under 5 U.S.C. § 706(2). *Id*. at *6 (citing *Trump v. CASA, Inc.*, 606 U.S. ___, 2025 WL 1773631 at *8 n.10, *19 (June 27, 2025));

- Secretary Noem lacked the statutory or inherent authority to partially vacate Haiti's TPS designation. The *HECA* Court held that 8 U.S.C. § 1254a(b)(3) sets forth a prescribed timeline for periodic review and termination of a country's TPS designation and therefore Secretary Noem may not reconsider Haiti's TPS designation in a manner that takes effect before February 3, 2026—the expiration date of the most recent extension. *HECA*, 2025 WL 1808743 at *8.

Dated: July 8, 2025                     Respectfully submitted,

/s/ *Mirian Albert*
Mirian Albert (BBO #710093)
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Victoria Miranda (BBO #695913)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
malbert@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
iespinoza@lawyersforcivilrights.org
vmiranda@lawyersforcivilrights.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

         /s/*Mirian Albert*
Mirian Albert (BBO #710093)