# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAITIAN-AMERICANS UNITED, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-10498 |

## UNOPPOSESD MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF BY FEDERATION FOR AMERICAN IMMIGRATION REFORM IN SUPPORT OF DEFENDANTS AND DISMISSAL

MATTHEW J. O'BRIEN
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
mobrien@fairus.org
(202) 328-7004

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

The Federation for American Immigration Reform ("FAIR"), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in support of Defendants and dismissal. FAIR's proposed *amicus* brief is attached to this motion. Counsel for *amicus* has conferred with counsels for all parties. Counsel for both Plaintiffs and Defendants have stated that they do not oppose this motion for leave. In furtherance of this motion, *amicus* FAIR states as follows:

1.    *Amicus curiae* Federation for American Immigration Reform (FAIR) is a nonprofit corporation and membership organization whose mission is to inform the public about the effects of both unlawful and lawful immigration, and to defend American citizens, American workers, and the nation's environment by limiting overall immigration, enhancing border security, and ending illegal immigration. In short, FAIR seeks to protect all Americans against the substantial harms of mass migration by attaining strongly-enforced, patriotic immigration reform. To that end, FAIR has been involved in more 100 legal cases since 1980, either as a party or as *amicus curiae*, in which it has consistently defended American interests against illegal immigration into the United States.

2.    "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules'

criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307- 08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

3.    FAIR's proffered brief will bring the following relevant matters to the Court's attention:

- Secretary Noem's vacaturs and terminations of TPS designations are exercises of presidential authority and are therefore unreviewable under the APA.

- In any event, the Court should strive to harmonize the TPS statute with the President's inherent constitutional authority by adopting the government's reading of the statute.

4.    Because the issues are relevant to this Court's decision on Defendant's motion to dismiss, FAIR's brief may aid the Court.

For the foregoing reasons, FAIR respectfully requests that the Court grant this motion for leave to file the accompanying brief as *amicus curiae*.

Dated: September 10, 2025          Respectfully submitted,

/s/ Matthew J. O'Brien
MATTHEW J. O'BRIEN
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
mobrien@fairus.org
(202) 328-7004

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

3

**CERTIFICATE OF CONFERRAL**

I hereby certify that Counsel for *Amicus* has conferred with the parties about the relief sought in this motion. Counsel for both the Plaintiffs and the Defendants have indicated that they do not oppose it.

Dated: September 10, 2025            /s/ Matthew J. O'Brien

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing motion (along with the attached brief and proposed order) through the CM/ECF system, and all parties were served electronically through the CM/ECF system.

Dated: September 10, 2025            /s/ Matthew J. O'Brien