IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAITIAN-AMERICANS UNITED INC.; VENEZUELAN ASSOCIATION OF MASSACHUSETTS; UNDOCUBLACK NETWORK, INC.; SYDNEY DOE; MARLENE DOE; GUSTAVO DOE; and NATALIA DOE,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | Civil Action No. 25-cv-10498(RGS) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Haitian Americans United, Inc. ("HAU"), Venezuelan Association of Massachusetts ("VAM"), UndocuBlack Network Inc. ("UBN") and the four individual Plaintiffs respectfully submit this notice to inform the Court of a recent decision in a District of Maryland case challenging the U.S. Department of Homeland Security's termination of Temporary Protected Status ("TPS") for Afghanistan and Cameroon. *CASA, Inc., v. Kristi Noem et al.* ("*CASA*"), No. 25-CV-1484 (D. Md. Dec. 8, 2025). The decision is available at 2025 WL 3514378 and is attached hereto as **Exhibit A**.

In the *CASA* case, as in one of the motions pending before this Court, the government moved to dismiss the plaintiffs' Equal Protection claims under Fed. R. Civ. Proc. 12(b)(6). In denying the motion, the *CASA* Court first held that the claim is properly analyzed under the framework set forth in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*,

1

429 U.S. 252 (1977), as Plaintiffs have argued here. *CASA*, 2025 WL 3514378, at *2-*4. Next, relying on many of the same allegations of racial animus that Plaintiffs in this case have also set forth in their Amended Complaint, the *CASA* Court held that "[a]t this early stage, the Court finds that CASA has adequately pleaded facts . . . that, when read as a whole and in the light most favorable to CASA, permit a reasonable inference of a policy or practice of race discrimination in TPS determinations." *Id*. at *5.

In reaching its holding, the *CASA* Court also noted that numerous other courts reviewing Equal Protection challenges in TPS cases have likewise applied the *Arlington Heights* standard and denied motions to dismiss under that standard. *See CASA*, 2025 WL 3514378, at *4 (collecting cases); *see also* ECF 81 (Plaintiffs' Consolidated Memorandum) at 21-22 (citing additional cases).

Dated: December 10, 2025                                    Respectfully submitted,

>                           */s/ Mirian Albert*
>                           Mirian Albert (BBO #710093)
>                           Oren Sellstrom (BBO #569045)
>                           Iván Espinoza-Madrigal (BBO # 708080)
>                           Victoria Miranda (BBO #695913)
>                           Lawyers for Civil Rights
>                           61 Batterymarch Street, 5th Floor
>                           Boston, MA 02110
>                           malbert@lawyersforcivilrights.org
>                           osellstrom@lawyersforcivilrights.org
>                           iespinoza@lawyersforcivilrights.org
>                           vmiranda@lawyersforcivilrights.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, the above-captioned document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

    /s/*Mirian Albert*
Mirian Albert (BBO #710093)